Dear Mr. Wills:
You requested an opinion from this office concerning the classification of household service contracts. You indicated that these agreements can be interpreted as either "insurance", "a warranty" or "a service contract." In a subsequent telephone conversation, you stated that the specific concern of the Department of Insurance was whether a household service contract is insurance, and therefore subject to Department regulation under the Insurance code.
We were not provided with the Department's interpretation or definition of a household service contract. You did, however, provide us with a copy of an American Home Shield Home Warranty Application to use as a reference or guide in determining the nature of a household service contract. After reviewing the application, this office has determined, for the purpose of this opinion, that a household service contract is a contract which provides for the service, repair or replacement of an existing home's mechanical systems and major built in appliances which become inoperable due to normal wear and tear. The agreement is usually purchased at the sale of a pre-owned home and can be purchased by either the buyer or seller of said home to provide coverage for one full year.
LSA-R.S. 22:5(1)(a) defines insurance as a contract whereby one undertakes to indemnify another or pay a specified amount upon determinable contingencies. Black's Law Dictionary defines insurance as a contract whereby, for a stipulated consideration, one party undertakes to compensate the other for loss on a specified subject by specified perils. Thus, applying these provisions, insurance is simply an agreement between two parties whereby one party agrees to pay another a specified amount based upon the occurrence of a loss caused by or resulting from a specific peril.
In Opinion Number 77-1350, the Attorney General's office addressed the classification and regulation of home warranty programs. In that opinion, a home warranty program contract was defined as a contract between a purchaser of a previously owned residence and a person or firm who obligates itself, for valuable consideration, to repair or replace for a period of one year certain items in the residence which may malfunction due to normal use. The opinion concluded that the home warranty program was not a form of insurance contract contemplated by the Louisiana Insurance Code and should not be subject to regulation thereunder.
The home warranty program contract addressed in Opinion Number 77-1350 and the household service contract which is the subject of your opinion request appear to be the same kind of contract. They both provide for the repair and replacement of an existing home's mechanical systems and appliances which become inoperable due to the normal use of the item and/or normal wear and tear. Therefore, based on the conclusion of this office that the home warranty program contract is not a form of insurance contract and should not be subject to regulation under the Louisiana Insurance Code; it is also the conclusion of this office that a household service contract is not insurance and is not subject to regulation under the Louisiana Insurance Code.
Sincerely,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 BY: __________________________ CASSANDRA A. SIMMS ASSISTANT ATTORNEY GENERAL